**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0306-DOC (RNBx)                    Date:  March 23, 2015

Title: THE SARABANDE TRUST #76 V. TAKAHIKO SUZUKI, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT**

This action was removed to this Court by Defendant Takahiko Suzuki pursuant to 28 U.S.C. § 1441 and § 1446.  However, removal appears to be improper because it does not appear that either federal question jurisdiction or diversity jurisdiction is present in this case. *See* 28 U.S.C. §§ 1331, 1332.

Under 28 U.S.C. § 1331, the federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This jurisdiction is commonly known as federal question jurisdiction. In order for a federal court to exercise federal question jurisdiction, the federal question must appear on the face of the complaint. This is known as the well-pleaded complaint rule. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 9 (1983). Under this rule, neither plaintiff nor defendant can invoke federal jurisdiction based on federal defenses or federal counterclaims. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). A plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In this case, Plaintiff's complaint alleges unlawful detainer, a claim under California state law. The complaint contains no federal question that would allow this Court to exercise jurisdiction.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-0306-DOC (RNBx)                                          Date: March 23, 2015
                                                                                                           Page 2

Furthermore, the exercise of diversity jurisdiction would be improper. Under 28 U.S.C. § 1332, the federal courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." In this case, the complaint does not allege the citizenship of the parties. Nor does it allege an amount in controversy in excess of $75,000. Plaintiff's complaint seeks restitution and possession of the property and the loss of rental value ($110.00) per day from February 3, 2015 until judgment.

If Defendants cannot show that this Court does in fact have subject matter jurisdiction, the case will be remanded to the Orange County Superior Court.

**Accordingly, the Court ORDERS Defendants to show cause in writing on or before Friday, April 10, 2015 why this action should not be remanded. Plaintiff may submit a response, if any, on or before Friday, April 17, 2015.**

**If Defendants fail to show cause on or before April 10, 2015, the Court shall remand this case back to state court.**

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk:  djg